Sucesión de Francisco Pieraldi y Bianchi, compuesta de su esposa, Paula Camacho e hijos, Úrsula, Octavia, Amalia, Sofía, Antonia, Luis Antonio y Felipe Pieraldi y Cedeño y Mercedes y Dalia María Pieraldi y Camacho, recurrentes, v. El Registrador de San Germán, recurrido.

No. 656.—*Sometido:* Noviembre 2, 1926.  *Resuelto:* Noviembre 23, 1926.

Recursos Gubernativos—Revisión—Presunciones.—Fundado un recurso en los méritos de la solicitud presentada—para cancelar ciertas cargas—si aquélla

sólo' se limita a referir las cargas sin expresar ningún dato o fundamento que explique el estado del registro en contradicción con la nota del registrador, debe presumirse que éste tiene razón y su nota debe confirmarse.

NOTA de *Luis Capó Matres,* R. (San Germán), denegando solicitud para cancelar cargas en cierta finca inscrita a nombre del causante. *Confirmada.*

*José Tous Soto,* abogado del recurrente; *El registrador* recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

La sucesión de Francisco Pieraldi y Bianchi, compuesta por los herederos que se nombran más arriba, solicitaron del Registrador de la Propiedad de San Germán que se cancelaran en cierta finca rústica inscrita a nombre de su causante, las siguientes cargas: (*a*) mención de un reconocimiento de deuda hecho por Ignacio Pieraldi y Maestracci, por escritura pública de julio 28, 1877, a favor de sus hijos Rosa, Luis, Matea, Luisa, Juana y Adolfo, por la suma de $12,000, o sea $2,000 por cada uno; y (*b*) mención de legado hecha por Felipe Pieraldi y Graciani, en su testamento a favor de Ramón Orengo por la suma de $500.

Se alegó como fundamento por los interesados para que se practicara la cancelación de dichas cargas, que desde la fecha en que se hizo el reconocimiento de deuda han transcurrido veinte años sin que se haya solicitado la inscripción del derecho mencionado, y en cuanto al legado por no haberse anotado en tiempo y forma, no constituyendo un gravamen real sobre la finca.

El registrador negó la solicitud consignando las razones en la nota, que dice:

"DENEGADAS las cancelaciones que se solicitan en el precedente documento por la citada Sucesión de Francisco Pieraldi y Bianchi, que se compone de su viuda Paula Camacho y de sus hijos Úrsula, Octavia, Amalia, Sofía, Antonio, Luis Antonio y Felipe Pieraldi y Cedeño y Mercedes y Dalia María Pieraldi y Camacho, de la mención de reconocimiento de deuda hecha por Ignacio Pieraldi y Maestracci, que se relaciona en el hecho tercero de la solicitud, por la

suma de doce mil pesos a favor de sus hijos llamados Rosa, Luis, Matea, Luisa, Juana y Adolfo, en la proporción de dos mil dólares para cada uno, por cuanto de los antecedentes e inscripciones existentes en los libros de este Registro consta, que dicha deuda fué constituída tal como aparece de la anterior instancia, o sea por escritura de fecha 28 de julio de 1877 ante el notario Francisco Parra, sobre la totalidad de la finca que se describe en la anterior instancia, pero asimismo consta también que un condominio de la mitad indivisa de la propia finca, está sujeto al presente a una condición resolutoria que lo está afectando, por no resultar haber sido cumplida dicha condición, y tal estado jurídico de la finca general o de la totalidad, no cabe aceptar que dicha finca sea de la sucesión recurrente, sino un condominio de la mitad de la misma, no siendo por tanto dicha sucesión dueña y poseedora de la totalidad de la finca de que se trata, a virtud de la condición resolutoria, que aún está vigente, y no habiendo transcurrido tampoco los veinte años de haberse hecho la mención del legado a favor del citado Ramón Orengo, a que se refiere la solicitud en su hecho tercero en su segundo lugar, porque dicho testamento fué inscrito el año pasado, por las razones antes expuestas, y además, porque la aludida condición resolutoria ya expresada es tal de importancia por su naturaleza, por su imposición testamentaria del testador, Felipe Pieraldi y Graciani, todo lo cual consta inscrito en este Registro, que no resulta purificada por no haberse cumplido, y ella impide que la citada sucesión recurrente tenga autoridad y personalidad jurídica que la den capacidad para solicitar las cancelaciones aludidas, por todo lo cual deniego las cancelaciones solicitadas.''

De la negativa del registrador se apeló a este Tribunal Supremo y el abogado recurrente solamente funda su recurso en los méritos de la petición que fué presentada al registrador. La petición a su vez se limita únicamente a referir las cargas que pesan sobre la finca sin expresar ningún dato ni fundamento que explique el estado del registro en contradicción con la nota del registrador. Debemos presumir, por consiguiente, que el registrador tiene razón y *su nota debe confirmarse.*

El Juez Asociado Señor Hutchison no intervino en la resolución de este caso.